UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GULF ISLAND MARINE FABRICATORS, LLC<br>    Plaintiff<br><br>VS.<br><br>RIVERHAWK FAST SEA FRAMES, LLC<br>    Defendant | § § § § § § § § § § § | CIVIL ACTION<br>NO.<br><br>SECTION ____<br>JUDGE<br><br>DIVISION ____<br>MAG. JUDGE |

## ORIGINAL COMPLAINT

**NOW COMES** Gulf Island Marine Fabricators, LLC ("GIMF"), who files suit for breach of contract against Defendant, Riverhawk Fast Sea Frames, LLC, and alleges upon information and belief as follows:

### The Parties

I.

GIMF is a Louisiana limited liability company with its principal place of business in Houma, Louisiana, and operates within the jurisdiction of this Court.

II.

RiverHawk Fast Sea Frames, LLC ("RiverHawk") is a foreign limited liability company headquartered in Tampa, Florida, which, at all material times, was doing and was authorized to do business in Louisiana.

### Jurisdiction and Venue

III.

This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.00.  Venue is proper in this

{N2837873.3}

district under 28 U.S.C. § 1391 as a substantial part of the events giving rise to this dispute occurred within this judicial district.

## Facts Giving Rise to the Dispute

IV.

In or about March of 2010, Riverhawk was awarded a contract by the Naval Sea Systems Command (HQ) for the engineering, design and construction of two Offshore Supply Support Vessels, generally described as "Iraqi Offshore Support Vessel 1" and "Iraqi Offshore Support Vessel 2" (the "Vessels"), for the lump sum of $70,140,000.00 (the "Prime Contract").

V.

On or about November 3, 2010, Riverhawk and GIMF entered into SUBCONTRACT OSV-GIM-0001 (the "Subcontract"), under which Riverhawk agreed to pay GIMF for services to be performed by GIMF on the Vessels in connection with the Prime Contract. The Subcontract, including Exhibits, is incorporated fully herein by reference.

VI.

Pursuant to the Subcontract, GIMF rendered and completed services in November of 2012 at GIMF's shipyard in Houma, Louisiana to construct and finish out the Vessels.

VII.

GIMF performed all requested work and invoiced Riverhawk for the services performed by GIMF in the total amount of $36,227,954.00 in accordance with the Subcontract.

VIII.

GIMF did not receive any written or oral disapproval of any invoice sent by GIMF to Riverhawk.

IX.

In November of 2012, the Vessels left GIMF's shipyard after construction was completed and after all necessary sea and acceptance trials were conducted by all interested parties.

X.

In December of 2012, the Vessels were sold to the Iraq Navy and reactivated in Iraq at that time.

XI.

Riverhawk and/or the project owner, notified GIMF of limited, specific warranty claims.

XII.

GIMF corrected and closed out all warranty claims under the Subcontract that were brought to GIMF's attention; and the Guaranty Period under the Subcontract expired in December of 2013.

XIII.

Upon expiration of the Guaranty Period, retainage under the Subcontract became due and owing by Riverhawk to GIMF.

XIV.

Despite amicable demand, made multiple times, Riverhawk has failed to pay $715,848.00, which amount represents retainage earned and owing under the Subcontract, for services rendered by GIMF for the Vessels.

XV.

Neither Riverhawk nor any other entity has provided written or oral notice of any outstanding defect in the Vessels to GIMF.

## COUNT I – Breach of Contract

XVI.

Plaintiff re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

XVII.

By the plain terms of the Subcontract, Riverhawk was obligated to pay for services rendered by GIMF to construct and finish out the Vessels.

XVIII.

Riverhawk was invoiced $715,848.00 for the services performed by GIMF and this invoiced amount remains unpaid, accruing interest.

XIX.

Riverhawk has breached the Subcontract by failing to pay the agreed amount.

## COUNT II – Failure to Pay Pursuant to Louisiana Revised Statute 9:2781

XX.

Plaintiff re-alleges the foregoing as if pled herein *in extenso* and *in globo*.

XXI.

By letter dated February 18, 2014, Plaintiff made written demand via certified mail upon Riverhask for $715,848.00 for the services performed by GIMF.  Riverhawk is liable to Plaintiff pursuant to La. R.S. 9:2781 as these sums are due on an open account.

XXII.

Riverhawk is additionally liable to Plaintiff under La. R.S. 9:2781(A) for reasonable attorneys' fees and interest in addition to the principal demand.

**WHEREFORE**, Gulf Island Marine Fabricators, LLC prays that Judgment be entered in favor of Plaintiff and against Riverhawk Fast Sea Frames, LLC in the amount of $715,848.00,

together with all other losses and expenses permitted by law, including costs, attorneys' fees and interest; and for such other further and different relief as this Court may deem just and proper in the premises.

                Respectfully submitted,

                /s/ *L. Etienne Balart*
                L. ETIENNE BALART (#24951)
                WILLIAM C. BALDWIN (#31613)
                JONES WALKER LLP
                201 St. Charles Avenue – 48th Floor
                New Orleans, LA  70170
                Telephone:     (504) 582-8000
                Facsimile:     (504) 589-8315
                ebalart@joneswalker.com
                wbaldwin@joneswalker.com

                ATTORNEYS FOR PLAINTIFF,
                GULF ISLAND MARINE FABRICATORS, LLC